CLOSED

<u>**NOT FOR PUBLICATION**</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **No. 09-CR-724 (SRC)** |
| v. | : | **OPINION & ORDER** |
| JUERGEN HOMANN | : |  |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court on Defendant Juergen Homann's motion for early termination of his probation pursuant to 18 U.S.C. § 3564(c). (Docket Entry 21) The United States of America (the "Government") has opposed the motion. (Docket Entry 23) The Court opts to rule on the instant motion without oral argument. The Court has considered the papers filed by the parties and will deny the motion.

On September 25, 2009, Defendant pled guilty to a one-count information charging him with Willful Failure to File Report of Foreign and Financial Accounts, in violation of 31 U.S.C. §§ 5314 and 5322(a). Defendant's sentence included a five-year probation term, which Defendant now seeks to terminate because it makes his frequent business-related international travel inconvenient.

§ 3564(c) provides the standard for early termination of probation:

> The court, after considering the factors set forth in section 3553 (a)

> to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Defendant has served over three years of his five-year probation term for his felony conviction, so he is eligible for early termination under § 3654(c). Having considered the § 3553(a) factors, however, the Court is not persuaded that early termination is warranted. As the government correctly argues, the Court already considered the nature and circumstances of the offense at the sentencing stage and meted out a relatively lenient sentence. Defendant has indicated that he is undergoing treatment for prostate cancer but has not articulated how the current probation interferes with his treatment or otherwise poses a threat to his health. And while the Court commends the Defendant for complying with the terms of his sentence, the Court expects nothing less. Most significantly, the Court does not regard Defendant's relatively minor foreign travel inconveniences to be sufficient grounds to justify the unusual step of early termination.

For these reasons,

**IT IS** on this 18th day of June, 2013,

**ORDERED** that Defendant's motion for early termination of his probation (Docket Entry 21) be and hereby is **DENIED**.

                                               s/ Stanley R. Chesler
                                               Stanley R. Chesler, U.S.D.J.